**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE DIAZ GARCIA,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-02729-RFB-DJA

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Diaz Garica's Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1-1). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FILING FEE

As a preliminary matter, the Court finds good cause to grant Petitioner leave to proceed *in forma pauperis*. Cf. 28 U.S.C. § 1915(a) (enabling petitioners in civil detention to seek leave to proceed in forma pauperis). Thus, **IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in forma pauperis* (ECF No. 10) is **GRANTED**.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual

allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class. Petitioner has set forth sufficient facts indicating Class membership, and Federal Respondents, in their Return, concede that Petitioner is a Class Member. See Pet. for Writ of Habeas Corpus at 2, ECF No. 1-1 (August 27, 2026) [hereinafter, "Pet."]; Fed. Resp'ts' Notice Regarding Class Membership at 1, ECF No. 9 (September 3, 2026) [hereinafter, "Notice"]. [1]

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the outset of his detention. Petitioner was taken into ICE custody on August 8, 2026 in Newark, New Jersey—over a month ago. See Notice at 2. This Court instructed Federal Respondents to file an answer under oath and to produce specific records as to Petitioner, including Forms I-200 and I-286, or alternatively, "certify those documents are not in their possession, custody, or control[.]" Order Governing Procedures at 4, ECF No. 3 (August 31, 2026). The government failed to attach a Form I-200[2] and attached a Form I-286 dated a month after Petitioner's arrest and detention. See Form I-286, Notice Exhibit A at 5 (dated "09/01/26" with location listed as "LAS VEGAS NV 89101"). [3]

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States. Jacobo-Ramirez, 2026 WL 879799, at *4.

[2] In their responses to the Court's interrogatories, Respondents state that "Petitioner was arrested by an immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations." Fed. Resp'ts' Answers to Interrogatories at 3, ECF No. 9-2 (September 3, 2026). However, the Court directed Respondents to attach a Form I-200 to their interrogatory responses. See Order Governing Procedures at 4, ECF No. 3 (August 31, 2026). Respondents did not do so. Thus, the Court cannot find on the record that Petitioner was arrested pursuant to a lawfully executed and served administrative warrant.

[3] Notably, Petitioner was detained by ICE on August 8, 2026, meaning that this "initial" custody determination would have been conducted almost a month *after* Petitioner's initial arrest and detention. See Notice at 2. As explained in further detail below, 8 U.S.C. § 1226(a) and its implementing regulations set forth a *pre-deprivation* procedural scheme that comports with due process. Federal Respondents' attempt to provide these protections a month *post-deprivation*, after this Court has ordered document production, does not cure their failure to follow regulations and violations of Petitioner's statutory and constitutional rights arising from his initial arrest and detention.

## III. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Moreover, Federal Respondents (and this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v. Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioner fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Federal Respondents have conceded that the only lawful basis for detaining Petitioner is § 1226(a). See Notice at 3. Yet, Respondents have also failed to demonstrate that Petitioner was served with a lawfully executed and served administrative warrant, and that an initial custody determination was conducted as to Petitioner at the outset of his detention. See id. Because Petitioner was not provided the procedures he was entitled to as a matter of statute and regulation, see 8 C.F.R. § 236.1, his arrest and ongoing detention are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit.

For reasons articulated in Angeles-Pena v. Blanche et al., Case No. 2:26-cv-02154-RFB-EJY, 2026 WL 2280939 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioner must be released from government custody. The government's failure to demonstrate that Petitioner was arrested pursuant to a lawfully executed and served warrant, perform an initial custody determination as to Petitioner at the outset of his detention, and provide Petitioner a proper custody redetermination hearing runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33, Angeles-Pena, 2026

WL 2280939 at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment. As explained in this Court's order in Angeles-Pena, which the Court incorporates by reference as if fully set forth herein, Petitioner's detention without the full suite of procedural protections guaranteed by § 1226(a) and its implementing regulations violates Petitioner's procedural and substantive due process rights. See Angeles-Pena, 2026 WL 2280939 at *3–9.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[4] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

---

[4] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). Because Petitioner's detention without proper procedural protections violates both statute and the Constitution, it is void *ab initio*; Petitioner's checking of a box on an improperly executed Form I-286 has no bearing on the lawfulness of his ongoing detention. In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Angeles-Pena, 2026 WL 2280939 at *10–13.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **September 12, 2026** between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** Respondents' Motion for Extension of Time (ECF No. 8) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 14, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** September 11, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**